# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 19-cv-62418-BLOOM/Valle

KING OCEAN SERVICES LTD.,

      Plaintiff,

v.

TRU GREEN PLASTICS, LLC,

      Defendant.

_____/

## ORDER ON MOTION FOR FINAL DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff King Ocean Services Ltd.'s ("Plaintiff") Motion for Final Default Judgment, ECF No. [11] ("Motion"), filed pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendant Tru Green Plastics LLC ("Defendant"). A clerk's default was entered against Defendant on December 4, 2019, ECF No. [9], because Defendant failed to answer or otherwise plead to the complaint, despite having been properly served. *See* ECF No. [6]. The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is granted.

## I.      BACKGROUND

Plaintiff initiated this action on September 27, 2019, asserting a claim in admiralty for breach of a maritime contract. ECF No. [1] ("Complaint"). According to the Complaint, Plaintiff is a Vessel Operating Common Carrier (VOCC), or shipping line, that engages in international ocean cargo transportation. *Id.* ¶ 3. Defendant is a Florida Limited Liability Company that performs plastics recycling. *Id.* ¶ 4. Between August 2016 and November 2016, at the request and direction of Defendant, Plaintiff transported goods aboard ocean vessels from international ports of origin to the mainland United States and delivered said goods to the named consignee. *Id.* ¶ 5.

Plaintiff has performed all of its contractual obligations and duties, as well as all conditions precedent to bring this action. *Id.* ¶ 12.

Despite repeated demands for remittance of the funds due, Defendant has failed and refused to pay $27,985.00 in ocean freight and related charges owed to Plaintiff. *Id.* ¶ 9.; ECF Nos. [11-1], [11-2], [11-3]. In accordance with Paragraph 15 of the bill of lading contract, Defendant is responsible for payment of the freight charges assessed by Plaintiff pursuant to the contract. ECF No. [11-3] ¶ 15. As a result of Defendant's failure to pay the ocean freight and related charges, Plaintiff has sustained damages in the amount of $27,985.00. ECF No. [11-1] ¶ 10.

In its Motion, Plaintiff seeks the entry of final default judgment against Defendant on its claim for breach of maritime contract.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. This Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. *See, e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's direction).

A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*,

508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

## III.    DISCUSSION

Upon a review of Plaintiff's submissions, the Court finds a sufficient basis in the Complaint to enter default judgment in Plaintiff's favor. Because Defendant has not appeared, "all of Plaintiff's well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Having reviewed the Complaint, the

Court finds Plaintiff's allegations well-pled, and sufficient to establish Defendant's liability. By default, Defendant has admitted the truth of the allegations, and accordingly, the Court finds that Plaintiff has established its claims against Defendant.

"If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Ordonez*, 2011 WL 3843890, at *5. "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *Id.* (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record." (citations omitted)). Plaintiff seeks damages in the amount of $27,985.00, and in support of the claim, submits an affidavit from Jorge Gomez, the Credit & Collections Manager for Plaintiff King Ocean Services, Ltd., the freight collect ocean bills of lading, the bill of lading terms and conditions, and copies of invoices. ECF No. [11-1]. Accordingly, under the facts of this case and in light of the evidence contained in the record, the Court finds that a hearing on damages is unnecessary and the requested amount of damages is justified.

In addition to damages, Plaintiff also requests reimbursement of $490.00 in costs, including the service of process fee ($90.00) and filing fee ($400.00). Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002). A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, No. 10-61514-CIV, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011), *report and recommendation adopted by*,

2011 WL 1598732, at *1 (S.D. Fla. Apr. 27, 2011). "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

The Court finds that these costs are reasonable and were necessarily incurred in connection with the prosecution of this action against Defendant. *See Goodman v. Sperduti Enterps., Inc.*, No. 08-62096-CIV, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920 . . . ."); *EEOC v. W&O, Inc.,* 213 F.3d 600, 623 (11th Cir. 2000) (concluding that private process servers may be taxed pursuant to 28 U.S.C. § 1920(1) which permits taxation of "[f]ees of the clerk and marshal"). Accordingly, Plaintiff is entitled to recover $490.00 in costs.

## IV.     CONCLUSION

Plaintiff's Motion, **ECF No. [11]**, is **GRANTED** as set forth in this Order. Pursuant to Rule 58(a), Fed. R. Civ. P., the Court will enter a Final Default Judgment in favor of Plaintiff and against Defendant by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 23, 2019.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Tru Green Plastics, LLC
c/o Harvey Cole, registered agent
2393 South Congress Avenue
Suite 200
West Palm Beach, Florida 33406